IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Koseem Mazeek Johnson, | ) | C/A No.: 4:25-11492-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND OPINION |
| | ) | |
| Tim; Jeffery Boone; Richard; and Nick, | ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Koseem Mazeek Johnson ("Plaintiff"), proceeding pro se, is an inmate housed at the J. Reuben Long Detention Center. Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 against Defendants Tim, Jeffery Boone, Richard, and Nick. (DE 1.)

On August 28, 2025, the court issued an order directing Plaintiff to bring this matter into proper form within twenty-one days. The order required Plaintiff to complete a standard complaint form, set forth specific factual allegations supporting his claims, and provide service documents for each Defendant. (DE 8.) Plaintiff was expressly warned that failure to comply with the order could result in dismissal of his case for failure to prosecute and failure to comply with a court order pursuant to Rule 41 of the Federal Rules of Civil Procedure. (*Id.*) The Clerk of Court mailed the proper form documents to Plaintiff at his address of record on the same date. (DE 10.)

The deadline for compliance expired on September 18, 2025, plus three additional days for mailing. To date, Plaintiff has not filed the required forms, sought an extension, or otherwise responded to the court's directives. (See DEs 12–

13.) Accordingly, the matter is now before the court for review.

## I.     LEGAL STANDARD – FAILURE TO PROSECUTE

A district court possesses the inherent authority to dismiss an action sua sponte for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Rule 41(b) of the Federal Rules of Civil Procedure likewise provides that a court may dismiss an action for failure to prosecute or to comply with a court order.

In determining whether dismissal is appropriate, the court must balance "the sound public policy of deciding cases on their merits" against "the need for sound judicial administration." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). The following four factors guide the court's discretion:

1. the degree of personal responsibility of the plaintiff;
2. the amount of prejudice to the defendant caused by the delay;
3. the presence or absence of a history of dilatory conduct; and
4. the effectiveness of sanctions less drastic than dismissal.

*Id.* (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)). These factors "are not a rigid four-pronged test," and the appropriate outcome depends on the particular circumstances of each case. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)).

In *Ballard*, the Fourth Circuit upheld dismissal where a pro se litigant failed to comply with a magistrate judge's order after being explicitly warned that failure to do so would result in dismissal. 882 F.2d at 95–96.

## II.   DISCUSSION

The Rule 41(b) factors weigh in favor of dismissal here. Because Plaintiff is proceeding pro se, he bears sole responsibility for complying with the court's orders. Plaintiff was explicitly advised that failure to comply with the August 28 order could result in dismissal of his case. (DE 8.) Despite that warning, he has taken no action to bring the case into proper form or otherwise communicate with the court.

Plaintiff's inaction demonstrates a lack of intent to prosecute this matter. There is no indication that the delay is attributable to anyone other than Plaintiff himself. Furthermore, because the Defendants have not been served, no prejudice results to them from dismissal at this stage. Finally, lesser sanctions would be ineffective, as Plaintiff has ignored a direct court order and failed to respond within the time allowed. *See Ballard*, 882 F.2d at 95.

While dismissal with prejudice is recognized as a harsh sanction reserved for egregious delay, *Davis*, 588 F.2d at 70, dismissal without prejudice is appropriate here and represents a measured exercise of the court's discretion. Plaintiff remains free to refile his complaint in compliance with applicable procedural requirements should he wish to pursue his claims.

## III.   CONCLUSION

For the foregoing reasons, and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with a court order.

**IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

November 7, 2025
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.